yes your honor are you ready to proceed yes if it may please the court mr. Barron in beginning this argument today I wanted to pick which topic we should I wanted to address first and I wanted to start with the second prong of the qualified immunity test I want to start and that is whether or not the constitutional rule was clearly established at the time of the offense back in 2012 there's two reasons I want to address that first first one is I'm sure that the court is well aware this is a matter of public import in fact as I was just scrolling through Facebook to start this argument I ran across an article from the Atlantic published today on qualified immunity but other the other reason I want to bring that up is because it's a constantly evolving area of law there's been lots of litigation and since we filed our been excessive force rulings in the qualified immunity area both in this court and in the US Supreme Court I want to start with talking about a recent decision by the 8th Circuit McIntosh be Pulaski City Sheriff I guess the Pulaski City Sheriff and it it helps shed some light on mr. McReynolds case as you know mr. McReynolds was taken down violently by two Independence Missouri police officers and it resulted in very serious injuries mr. McReynolds at the time that he was taken down was in fact compliant he had gotten on his knees he had put his hands in the air he had responded to the officers commands he had asked for additional instruction from the officers when it wasn't clear and the response was to slam him into the pavement so hard by both officers that it broke his jaw completely in half but in McIntosh be versus Pulaski City Sheriff what this court said and what this court recognized in fact is that there's a very long history of case law in this circuit that says that body slams and similar techniques when used against a non-violent non-resistant misdemeanant is violative of the Constitution and that that prohibition has been clearly established. Mr. Johnson this is this is Chief Judge Smith what which cases would you cite prior to the event here which I believe was 2012 which cases at that time and before would have put these officers on notice that the conduct they engaged in on that particular event and that in that particular event were violative of an arrestee's rights? Sure and this won't be an exhaustive list I think that there's quite a few of them so I may not cover them but I would cite to Shannon v. Keller, Atkinson v. City of Mountain View, Bower v. Norris, Feimster Feimster versus Dentier, D-E-N-T-J-E-R, Montoya v. City of Flandreau, I would be City of Golden Valley, and Carol v. Storz, S-T-O-R-Z. I didn't supply the case citations in the argument many of these cases are cited in the brief but we can find case after case where individuals in some situations similar to Mr. McReynolds receive a takedown were injured and it was held that that and and again I'm not confident that this is even an exhaustive list exhaustive list there are in the panoply of excessive force cases we have weapons cases things that look like wrongful death but there are a lot of takedown cases individuals who are taken down when they are arrested and result in injury and this has been subject of litigation for a long period of time so we can find a lot of cases dealing with that particular topic on the books but the officers were aware and certainly would have been aware and the district court recognized at the time that they were aware that a hard takedown for somebody who's not resisting would in fact violate a clearly established right you're not allowed to use that level of violence to cause catastrophic injuries to bring somebody into custody when they're not resisting there's no physical force they're not a threat they're suspected of a non injurious crime and so the officers were well aware at the time that this was clearly established law. Is it your position that there are no disputed facts that require trial in order to to actually decide what occurred to Mr. McReynolds would suggest that summary judgment was inappropriate in the case should have gone to trial but yes there are disputed facts the principal facts that are in dispute is whether or not Mr. McReynolds complied timely to the officers instructions and whether or not he responded quickly enough there's also a disputed fact as to the location of his hands whether the police officers and perhaps to some extent not discussed in this the summary judgment order the extent of the role that officer Gentile played in the takedown he was the one who wrote in his reports that he participated in the push versus... Why would the identity of the officer matter when I believe there's information in the record that the plaintiff was aware at the time he went outside that officers were present? I think that's disputed I'm not I'm not confident from the 911 call that you can draw that factual conclusion but let's assume that for the sake of argument that that's not in dispute that his knowledge was that that he was aware that they were police officers his conduct was that he was compliant with them he may have been slow to respond while he had processed what exactly was going on but we can hear from the audio recording of the event that his conduct happened within a matter of seconds of them receiving the instruction and certainly that can be inferred from that audio recording. Mr. Johnson you had I think in describing the factors that were relevant and the clearly established prong mentioned and I think your phrase was something like suspected of a non-violent offense is that a fair characterization when the 911 call included at least in a an allegation that the the dispute between the two people in the home was both verbal and physical? If I said nonviolent I may have misspoke I said non injurious I think but she was not there was not an allegation coming in that there was an injury related event there was certainly an allegation of a disturbance and we'll admit to that but I believe that the 911 call came in that there were no reports of injuries and no reports of weapons. So is that a distinction then between the type of offense and the allegations of what happened in the course of it that is relevant to the analysis is that your point? It's only relevant well one in the Graham versus Connor factors and analyzing excessive force case it lists the the nature of the crime itself as one of the factors that the court considers so we bring that up but I think that the nature of that crime being a domestic assault call that factor diminished and probably completely evaporated at the time that Mr. McReynolds complied with the officers once he stopped when they told him to stop got on his knees when they told him to get down put his hands in the air the the degree of threat that may have been present as a result of the initial information on the call being a domestic disturbance had almost completely evaporated he was compliant and submitting to the officer's authority. How far away from the house was he at that point? Unfortunately we should have submitted a map but the sidewalk that we mentioned actually runs directly in front of the house not away from the house it runs to a driveway that is next to the house on the side of it so he was in front of the house standing on the driveway between two cars that were part front-to-back tandem so he was not he was not some distance away he was in front of it. I'm sorry your honor? Well I was when you said not far away is some distance away I'm still having a hard time trying to figure out you know how far we're really talking about. Imagine a suburban house with a just a simple sidewalk coming out of the front door wrapping around the house to a driveway on the side and then around to the back he was at the end of that sidewalk next to the driveway so mere feet from the house 10 10 feet from the house maybe 15. Got it. So yes I do it is we're not alleging that it was an initially an allegation of a nonviolent crime but certainly non injurious your honor. The other thing is that when we look at this particular case because of mr. McReynolds behavior viewed in light fit in the light most favorable to mr. McReynolds has him complying with the officers he's not resisting he's not fleeing he's responding to their commands and he puts himself in a posture that would let any objectively reasonable officer know that he was no longer a threat he caught in his knees and he put his hands in the air that's what people do when they submit to authority figures. In the briefing Mr. Johnson I just want to make sure you have a chance to address this opposing counsel makes a significant point of the the statement of disputed and contested facts and the local rule and summary judgment and and how the district court handled it can you give us your characterization of how the district court handled it it's in a footnote sort of addressing the concern that maybe the rule wasn't expressly complied with but seemed to move on from there can you give us your assessment of that or your understanding either from well both from this particular case but if you can help us and how those kind of matters are normally handled in your district. Sure it's really it's not a subject that's part of the court it's not an issue on appeal it's not subject to a cross appeal it wasn't the basis of the court's ruling so if the district court had said you know that summary judgment is going to be granted in favor of the defendants because the plaintiff's response didn't meet a strict pleading requirement in a local rule that would be the issue on appeal but the court didn't do that okay the court found and and certainly facts were listed and contested in the plaintiff's response but the court didn't do that the court's ruling was based on the facts as they were pled by the parties and as they were supported by the record the ruling was a standard summary judgment ruling that was factual analysis vis-a-vis excessive force and qualified immunity analysis primarily if it was something that the defendants believe that they were aggrieved by they should they could have crossed cross appealed but that didn't happen it's not the basis of it it was something that that wasn't part of the court's order so saying now that it should be the plaintiff's pleading should be disregarded because it didn't comply well you seem to have lost mr. Johnson mr. Grisham or someone in st. Louis do you do we still have mr. Johnson on the call no he's froze up with us as well mr. Johnson if you can hear us please disconnect and rejoin there he is unmute you're muted you're muted mr. Johnson okay there you go got it my apology it just shut down I didn't touch it okay we were so anyway the local rule your honor I don't think it's not it's not a source of relief for the defendants the the facts were construed in favor of mr. McReynolds and when the facts are construed in his favor we can conclude that summary judgment should not have been granted mr. Johnson do you wish to reserve any time for rebuttal yes I see I'm at the two-minute mark I will reserve the remainder all right thank you mr. Barrow thank you your honors I'd like to start with the regarding the crimes that he believes or excuse me the cases that he believes put these on officers on notice of their conduct under Graham v Connor as well as the Kelsey decision that came out of the Eighth Circuit I will I will consent or I will agree that mr. Johnson has come up with a number of cases in which he on notice but I would remind this court what judge Sachs noted in his order and that was that the plaintiff had been unable to identify a case where an officer acting under similar circumstances was held to have violated the Fourth Amendment and then judge Sachs went on to identify and point out the Kelsey decision that came out of the Eighth Circuit it was handed down on May 1st 2019 and that that was after the events of this case and I think that's very significant in evaluating the officers conduct with regards to mr. Reynolds the the other thing that I want to point out and I think judge Kelly kind of noted this or pointed this out in one of her questions of mr. Johnson and that was what I would call the seriousness of the underlying crime what these off the seriousness diminished at all because you're now one floor below where the incident took place presumably the people are still up on the second floor the child is no longer present you're 15 feet away he's does that diminish our concern about the nature of the offense at all judge Erickson I would take the position that well I understand your question the officers weren't aware of that at the time they were rolling to mr. the site where mr. McReynolds was the officers were aware of a 911 call with regards to a domestic disturbance and as they're rolling to that residence they find out that that 911 incident the domestic disturbance has escalated the female on the phone talks about how mr. Johnson excuse me mr. McReynolds is intoxicated and becoming very violent and that's what the officers knew as they rolled up to that scene and as judge Sachs noted from the time they rolled up on the scene to the time they encountered mr. McReynolds was about 10 seconds and I think that's very significant because we're off asking these officers to assess a situation in a small amount of time based upon what the 911 dispatcher has told them so mr. Barrett if there if in fact if you take the facts in the McReynolds and you say that he had his hands up he was getting down on the ground and was was complying with all of the orders from the officers does that does that still give them does that still give an officer under the case law the opportunity to use the type of force that was here in other words there's nothing non-compliant to buy on his actions can you rely entirely on the violent act inside the house to justify the force judge I think you have to do it in two steps I think you have to evaluate the nature of the call and the violent conduct that was being communicated to them and I also think you have to assess the potential danger that this subject pose with regards to a threat of absconding a threat of not paying attention to the officers and a threat of still being dangerous to the officers and mr. Barrett mr. Barrett a follow-up on judge Kelly's question when even taking your clients view of what happened that the plaintiff was only crouched versus on his knees but that he did have his hands raised crouched means he has stopped he is no longer moving away from the officers his hands in the air indicates submission what is it is I understand the dispute it wasn't that he wasn't complying but that he wasn't complying fast enough that was the that precipitated the the force that was applied what case supports police conduct applying this kind of force when compliance is when there is there's compliance there's not active resistance there's compliance but not quick enough compliance judge I'll be the first one to admit I can't find a case on all fours talking about quick or quicker however my response to that would be even though he was complying or responding he still posed a threat to those officers and it's the reasonableness of the officer not the reasonableness of a person after the fact and well how well is it if you just look at the total time from officers perspective you're looking at it can't be more than two seconds that takes place you know and then there's this tackle with great force you know and we could talk about compliance low compliance whatever but we're supposed to look at the facts in a light most favorable to the non-moving party and at that point mr. McReynolds as we see it is on his knees with his hands in the air and someone says get on your stomach get on your stomach he says huh or what I can't remember exactly but he makes some kind of an inquiry and then he's tackled with great force and it all happens in a second or two you know why is that reasonable judge I have to keep going back to the concern that the officer Schmidly had about this gentleman still being a flight concern and still being a threat concern and we have to put it in the perspective of how the officer perceives it and that was a concern he had and that's why he did what he did and I believe that it was reasonable under the circumstances as Judge Sachs construed it to be and I think that is the gravamen of the argument that's about as best as I can tell you can I follow up on that just a bit what made the officers believe he was a flight I think I understand your position about the danger because of the nature of the domestic call but what about the information that the officers were given that made them believe he was a flight risk I'm not sure it's necessarily that the information that was given but what they saw him do at the scene when he starts coming down that sidewalk in that driveway he he starts to make a turn starts to turn his body and I think that's the significance of the flight risk that the officers were concerned at I will kiss is that is that an undisputed facts then that what you've just described or is that the fact that your clients proposed I believe it's an undisputed fact but I see mr. Johnson shaking his head in the bottom tier and and I believe it's an undisputed fact only because based upon the record that we have right now there's nothing that contradicts that there's no evidence from mr. McReynolds or any third party that contradicts that if I may be allowed to just go one step further in the context of this excessive force play there are two excessive force claims one against officer Schmidly and one against officer Gentile and I think the claim against officer Gentile as judge Sachs pointed out fails under the qualified immunity and also because he's not part and parcel of the overall conduct engaged in by mr. or the decision to rule and officer Gentile's favor and remove him from the case is very critical and important to judge Sachs's decision and that should be sustained. Mr. Barrow this is Judge Smith help me with the the facts as I understand it officer Schmidly was the first to approach the plaintiff with officer Gentile following is that correct? Correct. And so when officer Schmidly arrived he was when he he was the first to make contact with the with the plaintiff? Correct. And that first contact was a knee to the back and a strike to the head or did the strike to the head take place when officer Gentile arrived and provided the final pushover or did he make contact with the plaintiff at all? We take the position that officer Gentile the only contact that officer Gentile had with mr. McReynolds was the handcuffing of mr. McReynolds he may have he may have had his hand on his back at the time but it was the it was the putting on the handcuffs is the only thing that officer Gentile did and and there I can't find anything in the record. Well there is a statement that he made in his police report where he says that officer Schmidly and I tackled McReynolds right? I understand that judge but I think that the evidence is to the contrary I don't believe that officer Gentile tackled the officer Gentile he found that same base that factual basis. You know but he can't find facts right because we're supposed to assume all disputed facts in the light most favorable to the non-moving party. I would agree with you I'm not going to argue with you in that context. The last thing I would tell you in the context of the Monell claim is that we believe that obviously if there's no excessive force there's no Monell claim but I think more importantly is the ruling that judge Sachs made with the Monell claim because rather than conclude that there was no excessive force he went one step further and the step further that he made was that the plaintiff failed to identify any evidence to the suggest that the city had a policy or custom which may have authorized the use of unconstitutional excessive force or any evidence that the city failed to train its officers in the appropriate use of force during arrest. So I believe that this court can determine that there's no Monell claim against the city by reason that neither officer Schmidly or Gentile engaged in judge Sachs's order and I think that's clearly permissible for judge Sachs to find a reason, a legally justified reason for defeating the Monell claim. I don't have anything else I wish I could conserve, set this aside for Well just for clarification since there is no cross appeal on the issue of the court's handling of the local rule is it is there any issue before us with respect to the court going ahead and resolving the summary judgment without consideration of the local rule or without applying strictly the local rule? Judge I don't think unfortunately I don't think the local rule argument applies and I don't think it applies for this reason. I don't think that judge Sachs adequately addressed that issue in the body of his order but even if he had he gave the plaintiff Mr. McReynolds the benefit of the doubt and viewed the facts in his favor and I think from a practical standpoint that resolves for the short term the issue of whether or not plaintiffs appellate brief complied with the local rule. Thank you. Thank you. All right Mr. Johnson your rebuttal. Yes thank you. Mr. Barrett started off talking a bit about Kelsey v. Ernst and which was the principal case that the district court relied on. We certainly don't think that it's analogous that the plaintiff in Kelsey was non-compliant had pulled away disregarded commands. Additionally the injuries that the plaintiff sustained there seemed to be somewhat different. It was a broken collarbone but here Mr. McReynolds has long-term lasting injuries as a result of the amount of force that was used. But I don't think even if that is the most closely analogous case I don't necessarily think that this court has to find a precise case on point. If we look at Taylor v. Riojas which was a per curiam opinion that was issued by the US Supreme Court on November 2nd that was an instance where an inmate had been held in deplorably filthy conditions in a jail and there were no cases on point that would have told the jailers that keeping somebody in a feces laden cell for six days is unconstitutional. But the misconduct was so so awful so disgusting that the court said no let's remember that you know that the case law requiring the viewing of for requiring us to look at prior precedent doesn't mean that we have to have something that is down to the molecule exactly the same in a prior case. That doesn't need to happen in fact based on Taylor v. Riojas the court just recently sent back a case I think it was out of the Ninth Circuit just remanded a case because of because of the ruling in Taylor v. Riojas. I think that case was McCoy v. Alamu and it was just remanded I think last week to for the court to reconsider the circuit court to reconsider in light of the ruling in Taylor v. Riojas. I see that I'm out of time I'd like to talk more. Thank you Mr. Johnson. Thank you also Mr. Barron the court wishes to thank both counsel for your briefing the very professional argument you've provided to the court today to help us resolve the matter and we'll take it under advisement.